IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRACY LYNN EAGLEMAN,<br><br>Defendant. | CR 23-49-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Tracy Lynn Eagleman (Eagleman) has been accused of violating the conditions of her supervised release. (Docs. 44 and 51). Eagleman admitted the alleged violations. Eagleman's supervised release should be revoked. Eagleman should be sentenced to custody for 3 months, with 33 months of supervised release to follow. During the term of Eagleman's supervised release, she shall reside at a residential re-entry center for up to 180 days, as and when directed by her probation officer to do so.

## II.   Status

Eagleman pleaded guilty on August 15, 2024, to the offense of Interfering With The Operation of An Aircraft, in violation of 18 U.S.C §§ 32(a)(5), 32(a) as

set forth in Count 1 of the Indictment. (Doc. 34). The Court sentenced Eagleman to 605 days of custody, followed by 3 years of supervised release. (Doc. 41). Eagleman's current term of supervised release began on January 17, 2025.

### Petition

On July 29, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Eagleman's supervised release. (Doc. 44). The Petition alleged Eagleman violated conditions of her supervised release by: (1) failing to participate in outpatient mental health treatment on July 24, 2025; (2) failing to participate in outpatient mental health treatment on July 25, 2025; (3) failing to notify her probation officer about a change in her residence within 72 hours; (4) failing to notify her probation officer within 72 hours of a change in her employment (5) failing to report to her probation officer as directed on July 28, 2025; (6) failing to allow her probation officer to visit her home on July 28, 2025; and (7) failing to report to her probation officer as instructed on July 29, 2025.

### Initial Appearance

Eagleman appeared before the Court on August 5, 2025. Eagleman was represented by counsel. Eagleman stated that she had read the Petition and that she understood the allegations against her. Eagleman waived her right to a preliminary hearing.

**Revocation hearing**

Eagleman appeared before the Court on August 5, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Eagleman admitted that she had violated the conditions of supervised release as set forth in the Petition. The Court deferred sentencing until November 18, 2025 at 1:30 p.m.

**Amended Petition**

On August 7, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Eagleman's supervised release. (Doc. 51). The Amended Petition alleged Eagleman violated conditions of her supervised release by the added violations of : (8) failing to participate in outpatient mental health treatment on August 6, 2025; (9) failing to allow her probation officer to visit her home on August 6, 2025;  and (10) failing to report to her probation officer as instructed on August 7, 2025.

**Second Initial Appearance**

Eagleman appeared before the Court on August 13, 2025. Eagleman was represented by counsel.  Eagleman stated that she had read the Amended Petition and that she understood the allegations against her.  Eagleman waived her right to a preliminary hearing.

**Second Revocation hearing**

Eagleman appeared before the Court on August 13, 2025. The parties consented to proceed with the revocation hearing before the undersigned. The Court noted that Eagleman had previously admitted that she had violated the conditions of supervised release as set forth in allegations 1-7 of the Amended Petition. Eagleman then admitted had violated the conditions of her supervised release as set forth in allegations (8), (9), and (10) of the Amended Petition. Eagleman's admitted violations, 1-10, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Eagleman appeared before the Court on August 13, 2025. Eagleman's violations are Grade C. Her criminal history category is IV. Eagleman's underlying offense is a Class C felony. Eagleman could be incarcerated for up to 24 months. Eagleman could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.  Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Eagleman's supervised release should be revoked. Based upon the agreement of the parties, Eagleman should be sentenced to custody for 3 months, with 33 months of supervised release to follow. During the term of Eagleman's supervised release, she shall reside at a residential re-entry

center for up to 180 days, as and when directed by her probation officer to do so. This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Eagleman that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Eagleman that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Eagleman waived her right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That TRACY LYNN EAGLEMAN has violated the conditions of her supervised release by: (1) failing to participate in outpatient mental health treatment on July 24, 2025; (2) failing to participate in outpatient mental health treatment on July 25, 2025; (3) failing to notify her probation officer about a change in her residence within 72 hours; (4) failing to notify her probation officer within 72 hours of a change in her employment (5) failing to report to her probation officer as directed on July 28, 2025; (6) failing to allow her probation officer to visit her home on July 28, 2025; (7) failing to report to her probation officer as instructed on July 29, 2025; (8) failing to participate in outpatient mental health treatment on August 6, 2025; (9) failing to allow her probation officer to visit her home on August 6, 2025;  and (10) failing to report to her probation officer as instructed on August 7, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Eagleman's supervised release and sentence Eagleman to custody for 3 months, with 33 months of

supervised release to follow. During the term of Eagleman's supervised release, she shall reside at a residential re-entry center for up to 180 days, as and when directed by her probation officer to do so.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of August 2025.

John Johnston
United States Magistrate Judge