THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br><br> TRACY LYNN EAGLEMAN, <br><br> Defendant. | CR-23-49-GF-BMM <br><br><br> **ORDER** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on August 13, 2025. (Doc. 57.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted an initial appearance on August 13, 2025. (Doc. 55.) The government accused Tracy Eagleman (Eagleman) of violating the conditions of her supervised release by: (1) failing to participate in outpatient mental health treatment on July 24, 2025; (2) failing to participate in outpatient mental health treatment on July 25, 2025; (3) failing to notify her probation officer about a change in her residence within 72 hours; (4) failing to notify her probation officer within 72 hours of a change in her employment (5) failing to report to her probation officer as directed on July 28, 2025; (6) failing to allow her probation officer to visit her home on July 28, 2025; and (7) failing to report to her probation officer as instructed on July 29, 2025; (8) failing to participate in outpatient mental health treatment on August 6, 2025; (9) failing to allow her probation officer to visit her home on August 6, 2025; and (10) failing to report to her probation officer as instructed on August 7, 2025. (Docs. 44 and 51.)

At the revocation hearing, Eagleman admitted that she had violated the conditions of her supervised release 1-7 as set forth in the Amended Petition. (Doc. 55.)

Judge Johnston found that the violations Eagleman admitted prove serious and warrants revocation, and recommended that she receive a custodial sentence of 3 months with 33 months of supervised release to follow. During her term of supervised release, Eagleman must reside at a residential re-entry center for up to

180 days as directed by her probation officer. (Doc. 57.) The Court advised Eagleman of her right to appeal and to allocute before the undersigned, she waived those rights.  (Doc. 55.) The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 57 ) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Defendant Tracy Eagleman be sentenced to a term of custody of 3 months with 33 months of supervised release to follow. During her term of supervised release, Eagleman must reside at a residential re-entry center for up to 180 days as directed by her probation officer.

DATED this 2nd day September 2025.

_____
Brian Morris, Chief District Judge
United States District Court