IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRACY LYNN EAGLEMAN,<br><br>Defendant. | CR 23-49-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Tracy Lynn Eagleman (Eagleman) has been accused of violating the conditions of her supervised release. (Doc. 63). Eagleman admitted the alleged violations. Eagleman's supervised release should be revoked. Eagleman should be sentenced to custody for 4 months, with 29 months of supervised release to follow. During the term of her supervised release, Eagleman shall be placed at a residential re-entry center for up to 180 days at the direction of her probation officer.

## II. Status

Eagleman pleaded guilty on August 15, 2024, to the offense of Interfering With The Operation of An Aircraft, in violation of 18 U.S.C. §§ 32(a)(5), 32(a) as set forth in Count 1 of the Indictment. (Doc. 34). The Court sentenced Eagleman to

605 days of custody, followed by 3 years of supervised release. (Doc. 41). Eagleman's current term of supervised release began on November 3, 2025.

**Petition**

On October 7, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Eagleman's supervised release. (Doc. 44). The Petition alleged Eagleman violated conditions of her supervised release by: (1) failing to follow the September 18, 2026, instruction of her probation officer to maintain employment at Taco John's for a minimum of six months by quitting such job on October 3, 2026; (2) failing to report to her probation officer as directed on October 5, 2026; (3) failing to notify her probation officer about a change in her residence within 72 hours by failing to reside at her approved residence, New Beginnings Sober Living since October 2, 2026; (4) failing to participate in outpatient mental health treatment on October 6, 2026; and (5) failing to participate in substance abuse testing on October 6, 2026, with her whereabouts unknown since that time.

**Initial Appearance**

Eagleman appeared before the Court on October 20, 2026. Eagleman was represented by counsel. Eagleman stated that she had read the Petition and that she understood the allegations against her. Eagleman waived her right to a preliminary

hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Eagleman appeared before the Court on October 20, 2026. Eagleman admitted that she had violated the conditions of supervised release as set forth in the Petition. Eagleman's admitted violations, 1-5, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Eagleman appeared before the Court on October 20, 2026. Eagleman's violations are Grade C. Her criminal history category is IV. Eagleman's underlying offense is a Class C felony. Eagleman could be incarcerated for up to 24 months. Eagleman could be ordered to remain on supervised release for 33 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Eagleman's supervised release should be revoked. Eagleman should be sentenced to custody for 4 months, with 29 months of supervised release to follow. During the term of her supervised release, Eagleman shall be placed at a residential re-entry center for up to 180 days at the direction of her probation officer. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Eagleman that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Eagleman that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That TRACY LYNN EAGLEMAN has violated the conditions of her supervised release by: : (1) failing to follow the September 18, 2026 instruction of her probation officer to maintain employment at Taco John's for a minimum of six months by quitting such job on October 3, 2026; (2) failing to report to her probation officer as directed on October 5, 2026; (3) failing to notify her probation officer about a change in her residence within 72 hours by failing to reside at her approved residence, New Beginnings Sober Living since October 2, 2026; (4) failing to participate in outpatient mental health treatment on October 6, 2026; and (5) failing to participate in substance abuse testing on October 6, 2026, with her whereabouts unknown since that time.

The Court **RECOMMENDS:**

That the District Court revoke Eagleman's supervised release and sentence Eagleman to custody for 4 months, with 29 months of supervised release to follow. During the term of her supervised release, Eagleman shall be placed at a residential re-entry center for up to 180 days at the direction of her probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of October 2026.

John Johnston
United States Magistrate Judge